E-FILED
Thursday, 11 April, 2019  10:44:40 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TINA RENEE BIRKHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-3092 |
| | ) | |
| TONI SMITH, LIKDA YANEZ, | ) | |
| STACEY YANEZ, JENNY | ) | |
| O'DANIELS, ROGER HAYZE, | ) | |
| and  RITA WAKLA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on pro se Plaintiff Tina Renee Birkhead's Application to Proceed in District Court Without Prepaying Fees and Costs (d/e 2) (Application).  For the reasons set forth below, this Court recommends that the Plaintiff's Pro Se Civil Rights Complaint (d/e 1) (Complaint) should be dismissed with leave to replead, and the Court should reserve ruling on the Application until an amended complaint is filed.

When a plaintiff seeks to proceed in forma pauperis, or without payment of fees, this Court must dismiss the case if the complaint fails to

state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Birkhead's Complaint fails to state a claim and, therefore, must be

dismissed.

Birkhead's Complaint alleges a claim under 42 U.S.C. § 1983.

Section 1983 authorizes suits for damages against individuals who under

color of law deprived the plaintiff of her rights under the U.S. Constitution

and federal law.  Birkhead does not allege that the named defendants

acted under color of law as state or municipal officials or employees when

they harmed her.  Birkhead does not allege when or where these

defendants harmed her.  Birkhead does not allege what constitutional or

other applicable federal right these defendants violated.  Birkhead does not

allege what these defendants did that violated her rights.  The Complaint,

therefore, fails to state a claim under § 1983.

Birkhead, however, alleges that she was harmed and alleges

generally that the named individuals harmed her.  In light of these

allegations, she should be given an opportunity to file an amended

complaint to allege her claims more fully.  The amended complaint must

allege enough facts to show that she had a plausible claim against each

named defendant.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007).  To meet this requirement, Birkhead's amended complaint should

allege facts such as when and where each defendant harmed her, what each defendant personally did that harmed her, the state or municipal agency for which each defendant worked when each harmed her, the constitutional or covered federal right that each defendant violated, and the harm she suffered.  This list is not exhaustive but exemplifies the type of information that Birkhead must allege to give the Court enough information to evaluate whether she can state a claim.

THEREFORE, THIS COURT RECOMMENDS that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Pro Se Civil Rights Complaint (d/e 1) should be dismissed for failure to state a claim, and Plaintiff should be given leave to refile her claim.  The Court should reserve ruling on the Application until Plaintiff files an amended complaint.  If Birkhead does not file an amended complaint by a date set by the District Court, the case should be dismissed with prejudice.

The Court advises Plaintiff Birkhead that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.

See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

See Local Rule 72.2.

ENTER:   April 11, 2019

s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS

UNITED STATES MAGISTRATE JUDGE